FRANKLIN MEAD vs. THE INHABITANTS OF BOXBOROUGH.

If an inhabitant of a town removes to another town in this commonwealth, not intending to remain there permanently, but with the intention of not returning to his former home, and does not so return, he loses his domicil in the former town.

The fact that a person was taxed in the town to which he has removed, is not competent evidence to show that he did not continue to be taxable in the town of his former residence.

This action was brought to recover back the amount of a poll tax, and a tax on personal property of the plaintiff assessed upon him in the year 1849, by the assessors of the town of Boxborough, and paid to the collector of said town under protest, to free the body of the plaintiff from arrest. At the trial in the court of common pleas, before *Wells*, C. J. it was not controverted that prior to the 1st day of April, 1849, the plaintiff had been an inhabitant of said town of Boxborough; that in October or November of that year, the plaintiff became and ever since has been an inhabitant of Lunenburg. The question in controversy was whether between April 2d, 1849, and the time when the plaintiff moved to Lunenburg, he had a domicil at Boxborough so as to be liable to taxation in that town. There was evidence tending to prove that prior to April 1st, 1849, the plaintiff contracted with Mr. Clark of Groton, to serve him as a tin peddler, from said 1st day of April, 1849, until he could no longer travel on wheels, in the fall or winter of that year; that on the 2d day of said April, being Monday, the plaintiff did commence serving said Clark, and, as he claimed, making said Clark's house in Groton his home.

The plaintiff introduced evidence tending to prove that when he left Boxborough in April, he did not intend to return there to reside any more, and did not do so. And the defendants introduced evidence tending to prove that the plaintiff engaged with said Clark merely temporarily, and on trial, and that after the plaintiff left Boxborough to serve said Clark, he still continued to have, and claimed his home in Boxborough.

As evidence tending to prove that the plaintiff was not a resident of Boxborough on the 1st of May, 1849, he offered to prove that he was assessed a poll and personal property tax by the assessors of Groton, for that year; but the court ruled this evidence to be incompetent, unless he further proved that it was done at the plaintiff's request. Whereupon the plaintiff asked the court to instruct the jury, that if the jury find that at the time the plaintiff left the town of Boxborough to go to Groton to work, he left with an intention of not returning to said Boxborough to live, and he did not so return, that when he so left Boxborough, he ceased to be an inhabitant of said Boxborough, so as afterwards to be liable to taxation in said town; but the court refused so to rule, and did charge the jury " That to make a person liable to taxation he must have his home or domicil in the place where he is taxed; that domicil or home is distinguished from a temporary residence; whenever a domicil is once acquired, that remains until another is acquired, provided the party continues to reside in the commonwealth; a domicil may be acquired by a residence in a place with an intention of making it a permanent residence, or where one resides in a place with the intention of remaining there indefinitely, or until he shall change his mind. But if a person having acquired a domicil in this commonwealth, goes to reside in another place with the intention of not remaining there permanently, but of removing therefrom after a limited period, whether to return to his former home or to remove to another place, he does not thereby lose a domicil once acquired." The verdict was for the defendants, and to these several rulings the plaintiff excepted.

*I. W. Beard*, for the plaintiff.

*B. F. Butler*, for the defendants.

MÉTCALF, J. The latter part of the instructions given to the jury was, in effect, that if the plaintiff went to reside in Groton, with the intention of not remaining there permanently, but of removing therefrom after a limited time, whether to return to Boxborough or to go to another place, he did not lose his domicil in Boxborough. Our judgment is, that this was erroneous, and that the instruction ought to have been,

that if the plaintiff removed from Boxborough with the inten-
tion not to return, and went to reside in Groton, intending to
remain there for an indefinite time, he ceased to be an inhab-
itant of Boxborough, and was not legally taxable there. Such
was the doctrine adjudged in the case of *Thorndike* v. *City of
Boston*, 1 Met. 242. See also Story's Conflict of Laws, § 16;
*McDaniel* v. *King*, 5 Cush. 474, 475.

Evidence of the mere fact that the plaintiff was taxed in
Groton was rightly excluded. It would have had no more
legal tendency to prove that he was not taxable in Boxborough,
than the mere fact that he was taxed in Boxborough would
have to prove that he was not taxable in Groton.

*New trial granted.*